## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RAYMOND BROOKS,** | ) | |
| **AIS #220793,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 19-00028-JB-N** |
| | ) | |
| **REOSHA BUTLER,[1]** *Warden, G.K* | ) | |
| *Fountain Correctional Facility* | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Raymond Brooks, an Alabama prisoner proceeding pro se, filed a

Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1, modified by

Doc. 12). The District Judge presiding over this case referred Brooks's petition to the

undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized

to require responses, issue orders to show cause and any other orders necessary to

develop a complete record, and to prepare a report and recommendation to the

District Judge as to appropriate disposition of the petition, in accordance with 28

U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases

in the United States District Courts. *See* S.D. Ala. GenLR 72(b); (1/23/2019 electronic

referral).

---

[1] Based on the undersigned's review of ADOC's inmate registry, Petitioner is now in
custody at G.K Fountain Correctional Facility. *See* http://www.doc.state.al.us/
inmatesearch (last accessed on Feb. 11, 2022). Pursuant to Rule 2(a) of the Rules
Governing Section 2254 Cases in the United States District Courts, Reosha Butler,
the Warden of G.K Fountain Correctional Facility, is substituted as the proper
Respondent in this action. The Clerk is **DIRECTED** to update the docket accordingly.

The Respondent, through the Office of the Attorney General of the State of Alabama, timely filed an Answer (Doc. 9) to the petition. Brooks's § 2254 petition is now under submission and is ripe for disposition. Following a thorough review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted.[2] Upon consideration, the undersigned **RECOMMENDS** that Brooks's habeas petition (Doc. 1, modified by Doc. 12) be **DISMISSED with prejudice**. The undersigned also **RECOMMENDS** that Brooks be **DENIED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal.

## I.    *Background*

On October 26, 2015, after a jury trial in Mobile County Circuit Court, Brooks was convicted of cocaine trafficking and first degree possession of marijuana in violation of Ala. Stat. § 13A-12-231(2)(a) and § 13A-12-213, respectively. (Doc. 9-1, PageID.67). The trial court sentenced Brooks to concurrent sentences of life imprisonment for the trafficking offense and 97 months imprisonment for the marijuana offense. (Doc. 9-1, PageID.55–62).

Brooks appealed his conviction to the ACCA, claiming that there was insufficient evidence to sustain his conviction. (Doc. 9-3, PageID.383). The ACCA

---

[2] This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) because Brooks filed his federal habeas petition after April 24, 1996. "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1337 (11th Cir. 2004). Brooks failed to establish that an evidentiary hearing is warranted in this case. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

rejected Brooks's claim and affirmed his conviction. (Doc. 9-5). Brooks applied for a rehearing (Doc. 9-6), which was denied (Doc. 9-7). Brooks then filed a petition for a writ of certiorari in the Supreme Court of Alabama. (Doc. 9-8). The Supreme Court of Alabama denied Brooks's petition on September 16, 2016. (Doc. 9-9).

On September 4, 2017, Brooks filed a Rule 32 petition in Mobile County Circuit Court. He amended the petition, raising the following claims: (1) his trial attorney's failure to challenge the Prosecution's chain of custody for evidence deprived him of effective assistance of counsel; (2) the trial court lacked jurisdiction to sentence him as a habitual offender because he was arraigned without counsel during the proceedings for one of the predicate offenses; and (3) newly discovered evidence revealed that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*. (Doc. 9-11, PageID.519–31). With the benefit of the State's response in opposition (Doc. 9-11, PageID.545), the trial court summarily dismissed the petition (Doc. 9-11, PageID.577). Brooks appealed to the ACCA (Doc. 9-12), which affirmed the trial court's ruling (Doc. 9-15). The ACCA denied Brooks's subsequent application for rehearing. (Doc. 9-17). Brooks filed a petition for a writ of certiorari in the Supreme Court of Alabama. (Doc. 9-18). The petition was denied on January 4, 2019 (Doc. 9-19).

Brooks filed the subject habeas petition under 28 U.S.C. § 2254 on January 12, 2019.[3] (Doc. 1). Respondent filed an answer with the state court record attached. (Doc.

---

[3] Brooks's petition is deemed filed on the date he certifies he delivered it to prison officials for mailing. *See Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009).

9). Brooks filed a reply (Doc. 13), as well as a motion to amend his petition to add a new ground for relief (Doc. 12). The Court granted Brooks's motion to amend his § 2254 petition and ordered him to show cause why it should not be dismissed as untimely. (Doc. 16). Brooks responded, setting out the details of his new claim but failing to address the timeliness issue. (*See* Doc. 17).

## II. *Legal Standards*

This Court's review of Brooks's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, "the role of the federal court . . . is strictly limited." *Jones v. Walker*, 496 F.3d 1216, 1226 (11th Cir. 2007).

### a. Merits Review

AEDPA significantly limits the scope of federal review where the state court adjudicated a claim on the merits. Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

According to subsection (1), "[a] federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the

Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite our opinions." *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). Indeed, "a state court need not even be aware of our precedents, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Id.* (internal quotation marks omitted).

The "clearly established Federal law" contemplated by subsection (1) "refers to the holdings, as opposed to the dicta, of [U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (internal quotation marks omitted); *accord Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Moreover, review under Section 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Importantly, "[f]or purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted) (emphasis in original). Thus, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* (internal quotation marks omitted). That is, "an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted); *Williams v. Taylor*, 529 U.S. 362, 411

(2000) (noting that a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law *erroneously* or *incorrectly*"—the "application must also be *unreasonable*").

"To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted). And "[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Harrington*, 562 U.S. at 101 (internal quotation marks omitted). However, "even a general standard may be applied in an unreasonable manner." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). The petitioner bears the burden of showing that the state court's ruling was contrary to, or involved an unreasonable application of, controlling Supreme Court precedent. *Harrington*, 562 U.S. at 98; *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Likewise, with respect to § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 571 U.S. 12 (2013) (internal quotation marks omitted). In other words, "if some fair-minded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied . . . . [T]he deference due is heavy and purposely presents a daunting

hurdle for a habeas petitioner to clear." *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011); *see also Greene v. Fisher*, 565 U.S. 34 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice system, and not as a means of error correction") (citations and internal quotation marks omitted); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (citations and internal quotation marks omitted); *Holsey v. Warden, Georgia Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) (noting that "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied") (citation omitted).

Accordingly, in evaluating a § 2254 petition, the Court takes great care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." *Hill v. Humphrey*, 662 F.3d 1335, 1355 (11th Cir. 2011); *see also Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). "If this standard is difficult to meet—and it is—that is because it was meant to be. [Federal courts] will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas

relief is the remedy." *Burt*, 571 U.S. at 20 (internal citations and quotation marks omitted).

### b. Ineffective Assistance of Counsel

The Sixth Amendment of the Constitution guarantees every accused "the right . . . to have Assistance of counsel for his defense." U.S. Const. amend. VI. To establish an ineffective assistance claim under the Sixth Amendment, a petitioner must make both showings of the two-prong standard established in *Strickland v. Washington.* 466 U.S. 668 (1984). That is, "[a] petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the *Strickland* test "are free to dispose of ineffectiveness claims on either of [*Strickland's*] two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998).

To satisfy the "performance" prong of the *Strickland* test, a petitioner is required to show that his attorney's representation "fell below an objective standard of reasonableness," which is measured by "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. In other words, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering such a claim, the court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v.*

*Singletary*, 170 F. 3d 1051, 1053 (11th Cir. 1999) (citations omitted). Thus, the petitioner has a difficult burden as to be considered unreasonable, "the performance must be such that 'no competent counsel would have taken the action that [the petitioner's] counsel did take.' " *Ball v. United States*, 271 F. App'x 880 (11th Cir. 2008) (unpublished) (citations omitted).

The petitioner must also satisfy the "prejudice" prong of the *Strickland* test. To that end, the petitioner must show that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The petitioner "must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.' " *Butcher v. United States*, 368 F.3d 1290, 1293, 95 F. App'x 1290 (11th Cir. 2004) (unpublished) (citations omitted). Further, it is not enough to satisfy the prejudice prong to merely show that the alleged errors affected the case in some imaginable way. *See id*. at 1293–94 ("[T]hat the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice.") (quoting *Strickland*, 466 U.S. at 693) (internal quotation marks omitted). Thus, "under the exacting rules and presumptions set forth in *Strickland*, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.' " *Windom v. Sec'y, Dep't of Corr*., 578 F.3d 1227, 1248 (citations omitted).

Pursuant to *Strickland,* "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " 466 U.S. at 689 (citation omitted). "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* "Surmounting *Strickland's* high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), largely because the "standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, (2011). The question is not whether counsel's actions were reasonable, but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. 86 at 105.

**c. Overcoming a State Procedural Default**

It is well settled that "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Trevino v. Thaler*, 569 U.S. 413 (2013) (citation omitted). That said, appellate courts "repeatedly have emphasized that circumstances meriting the consideration of procedurally defaulted or barred constitutional claims are 'extremely rare' and apply only in the 'extraordinary case.' " *Rozzelle v. Secretary, Florida Dep't of Corrections*, 672 F.3d 1000, 1015 (11th Cir. 2012) (citations omitted).

"[A] habeas petitioner may overcome a procedural default if he can show adequate cause and actual prejudice, or, alternatively, if the failure to consider the merits of his claim would result in a fundamental miscarriage of justice." *Borden v. Allen*, 646 F.3d 785, 808 n.26 (11th Cir. 2011); *see also Bishop v. Warden, GDCP*, 726 F.3d 1243, 1258 (11th Cir. 2013). "As a general matter, 'cause' for procedural default exists if the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Bishop*, 726 F.3d at 1258 (citations and internal quotation marks omitted); *see also McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991) ("Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. . . . In addition, constitutionally ineffective assistance of counsel is cause.") (citations and internal marks omitted). "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Spencer v. Sec'y*, 609 F.3d 1170, 1180 (11th Cir. 2010) (citation omitted); *see also Lucas v. Warden, Georgia Diagnostic and Classification Prison*, 771 F.3d 785, 801 (11th Cir. 2014) ("For prejudice, Lucas must demonstrate a reasonable probability that his conviction or sentence would have been different . . . .").

As an alternative to showing cause and prejudice, a prisoner may overcome a procedural default by showing a fundamental miscarriage of justice. "For a state prisoner to establish a fundamental miscarriage of justice, he must prove that he is

innocent." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (citations omitted). "To overcome procedural default through a showing of actual innocence, the petitioner must present reliable evidence . . . not presented at trial such that it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Rozzelle*, 672 F.3d at 1011 (citations and internal quotation marks omitted); *see also Kuenzel v. Commissioner, Alabama Dep't of Corrections*, 690 F.3d 1311, 1314–15 (11th Cir. 2012) ("To meet the proper standard, the petitioner must show that it is *more likely than not* that *no reasonable juror* would have convicted him in light of the new evidence.") (citation omitted).

### III. *Analysis*

Brooks raises four grounds for relief in his amended § 2254 petition (Doc. 1, modified by Doc. 12): (1) his trial counsel was ineffective for failing to object or move for a new trial on the basis of a purported break in the chain of custody of drug evidence when it was sent off for forensic testing; (2) the trial court lacked jurisdiction to sentence him under Alabama's Habitual Felony Offender Act because he did not have counsel at the arraignment for one of his predicate offenses; (3) the prosecution withheld *Brady* material from Brooks at trial; and (4) there is insufficient evidence to support his conviction because the prosecution did not prove that he constructively possessed illicit drugs. Upon consideration, the undersigned finds that Brooks's claims fail as either meritless, procedurally defaulted, or untimely.

### a. Claim One: Ineffective Assistance of Counsel

Brooks argues that his trial attorney's failure to object to the State's chain-of-custody procedures in handling evidence deprived him of effective assistance of counsel as guaranteed by the Sixth Amendment. (Doc. 1, PageID.9). "[T]here was a break in the chain of custody requirements," Brooks contends, "due to the fact no one testified where the alleged suspected cocaine, and marijuana was kept before it was allegedly sent to the Forensic Sciences Department . . ." (Doc. 1, PageID.9). Respondent rejects this argument, emphasizing that the ACCA did not unreasonably apply clearly established federal law in finding that Brooks did not present a meritorious *Strickland* claim. (Doc. 9, PageID.34).

Brooks fails to present a viable *Strickland* claim. "As a rule, [federal courts] review 'the highest state court decision reaching the merits of a habeas petitioner's claim.' " *Holland v. Florida*, 775 F.3d 1294, 1308 (11th Cir. 2014) (quoting *Hittson v. GDCP Warden*, 759 F.3d 1210, 1231 (11th Cir. 2014)). Here, that decision is the ACCA's August 31, 2018, memorandum opinion (Doc. 9-15), which addressed Brooks's ineffective assistance of counsel argument as follows:

> Brooks argues that he was denied effective assistance of counsel because, he said, counsel failed to object to a break in the chain of custody. Specifically, Brooks argues that there was no witness testimony regarding who handled the drug evidence before it was sent to the Alabama Department of Forensic Sciences. (Brooks's brief, p. 10.)
>
> "[A] defendant may bring an ineffective-assistance-of-counsel claim in a timely Rule 32 petition." Harris v. State, 814 So. 2d 1003, 1006 (Ala. Crim. App. 2001). In Strickland v. Washington, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. "To meet the first prong of the test, the petitioner must

show that his counsel's representation fell below an objective standard of reasonableness. The performance inquiry must be whether counsel's assistance was reasonable, considering all the circumstances." Ex parte Lawley, 512 So. 2d 1370, 1372 (Ala. 1987).

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693.

Here, the record on direct appeal shows that neither the drug evidence nor a certificate of analysis was admitted at Brooks's trial. There was no need for the State to establish a chain of custody for evidence it did not offer at trial. Thus, counsel was not ineffective for failing to raise a chain-of-custody objection for evidence that was never offered at trial. "An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." Hooks v. State, 21 So. 3d 772, 785 (Ala. Crim. App. 2008). Furthermore, we note that this Court, in affirming his direct appeal, held that "there was sufficient evidence to support Brooks's conviction for trafficking in cocaine and possession of marijuana in the first degree." (Brooks mem. op. at 6.) Accordingly, Brooks is not entitled to relief on this claim.

(Doc. 9-15, PageID.656–58).

Brooks does not identify any unreasonable application of clearly established federal law in the ACCA's decision. Moreover, the undersigned's own review finds none—under the "doubly" deferential standard of review applicable to state court determinations of *Strickland* claims, the ACCA reasonably determined that any chain-of-custody objection from Brook's trial counsel would have been meritless. The prosecution only needs to establish a chain of custody for evidence when the item is actually introduced at trial. *See Ex parte Holton*, 590 So. 2d 918, 919 (Ala. 1991).

Since the prosecution never offered the drug evidence and certificate of analysis at trial, Brooks's attorney did not perform deficiently by failing to object. *See Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance."). Accordingly, Brooks's *Strickland* claim fails.

### b. Claim Two: Trial Court Lacked Jurisdiction

Brooks argues that the trial court lacked jurisdiction to impose a sentence under Alabama's recidivist statute because during the proceedings for one the predicate convictions, the court arraigned him without his attorney present. (Doc. 1, PageID.9). Brooks claims that his conviction in case number "CC-07-728" cannot serve as a qualifying offense under Alabama's Habitual Felony Offender Act "because he did not have counsel [] present when he was arraigned on that charge" in violation of the Fourteenth Amendment. (Doc. 1, PageID.9).[4] Citing the ACCA's decision, Respondent notes that the "the trial record refuted" this claim. (Doc. 9, PageID.35).

Brooks's jurisdictional challenge lacks merit. The ACCA addressed Brooks's claim that he was arraigned without counsel present as follows:

> Brooks argues that the circuit court lacked jurisdiction to impose the life sentence because, he says, the prior conviction used to enhance his

---

[4] Rather than dismissing Brooks's claim for failing to clearly identify a specific error in the ACCA decision, the undersigned liberally interprets his pro se argument as a § 2254(d)(2) challenge. Brooks's claim does not invoke § 2254(d)(1)—explicitly or implicitly—as he does not claim that the ACCA misapplied any clearly established federal law. Instead, Brooks claims that for one of the convictions underlying his Alabama Habitual Felony Offenders sentence, he was arraigned without counsel despite the ACCA coming to the opposite conclusion. This argument tracks more closely with § 2254(d)(2)'s framework for challenging a potentially erroneous factual determination on a state court's decision.

sentence was "invalid" for use under the HFOA. Specifically, Brooks argues that he did not have counsel present during arraignment in CC-07-0728. (Brooks's brief, p. 13.) That argument, however, is refuted by the record and is without merit. At Brooks's sentencing on December 7, 2015, the State offered certified copies of three prior convictions into evidence. The case action summary sheet for CC-07-0728 stated:

> "5/4/07 Defendant in court. Appoint attorney Yazdi Habib to represent the defendant. Waived reading of the indictment, entered plea of not guilty. Special pleas w/20 days "

(CR-15-0284, p. 119.) Because Brooks failed to raise a material issue of law or fact that would entitle him to relief, this claim is due to be dismissed pursuant to Rule 32.7(d).

(Doc. 9-15, PageID.658).

Here, the ACCA opinion cites the record from the arraignment Brooks challenges, which indicates that Brooks's appointed counsel accompanied him at the proceeding. Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Brooks fails to make any showing that the ACCA erroneously found him to be accompanied by counsel at the disputed arraignment. Instead, he reiterates the exact claim the ACCA rejected on the merits. As Brooks cannot overcome his burden to show the ACCA's factual determination is wrong by clear and convincing evidence, it necessarily follows[5] that he cannot show that the ACCA made an unreasonable

---

[5] The standard of proof established by § 2254(e)(1) does not magnify subsection (d)(2)'s already onerous standard. The Supreme Court held that the "independent requirements of §§ 2254(d)(2) and (e)(1)" do not require a "petitioner to prove that a decision is objectively unreasonable by clear and convincing evidence." *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003). However, the Supreme Court and Eleventh Circuit

decision based on an erroneous factual determination under § 2254(d)(2). Accordingly, Brooks's jurisdictional challenge fails as meritless.

### c. Claim Three: Newly Discovered Evidence of *Brady* Violation

Brooks contends that the Prosecution withheld exculpatory evidence during his prosecution in violation the Sixth and Fourteenth Amendments as set out in *Brady*. (Doc. 1, PageID.10). "Brooks avers that newly discovered material facts exist, which require[] that his conviction and sentence be vacated by this [C]ourt due to the fact that evidence favorable and material to [his] defense was withheld from him by the prosecution . . . ." (Doc. 1, PageID.10). Respondent refutes Brooks's argument, arguing that this *Brady* claim is procedurally defaulted. (Doc. 1, PageID36). The ACCA "held that Brooks did not establish that he had newly discovered evidence," Respondent notes, as "the evidence could have been presented at trial and on direct appeal, but it was not so presented." (Doc. 9, PageID.36). The ACCA addressed Brooks's argument as follows:

> Brooks argues that newly discovered material facts exist which require that the conviction or sentence be vacated by this court because, he said, the prosecutor withheld evidence in violation of Brady. Specifically, Brooks argues that the Alabama Department of Forensic Sciences has no record of testing the drug evidence in this case. (Brooks's brief, p. 14.)
>
>      . . . .

---

have declined to further clarify the interplay between the two subsections. A recent concurring opinion in the Eleventh Circuit's *Hayes v. Secretary, Florida Department of Corrections* decision explains the relationship between § 2254(d)(2) and § 2254(e)(1) as follows: a state habeas petitioner cannot "meet § 2254(d)(2)'s bar without first showing—as a threshold matter and by the clear and convincing evidence required by § 2254(e)(1)—that the state court had made at least one erroneous factual finding." 10 F.4th 1203, 1225 (11th Cir. 2021) (Newsom, J., concurring).

In its order denying Brooks's Rule 32 petition, the circuit court held, in pertinent part:

"The Petitioner cannot show that the facts relied upon where not known to himself and his counsel at trial. Ala. R. Crim. P. 32.1(e)(1). Neither drug evidence nor a certificate of analysis was offered by the State at trial. Neither the Petitioner nor his counsel can claim to be unaware of this fact.

"At the conclusion of his trial, the court instructed the jury as follows:

"Identification of a substance can be established by a witness, including law enforcement, who has sufficient knowledge and expertise to do so. The introduction of a chemical analysis of a substance is not essential to a conviction. The narcotic nature of the substance need not be proved by direct evidence if the circumstantial evidence presented establishes beyond a reasonable doubt that the substance was, indeed, a controlled substance. State's Exhibit 2 (emphasis added)

"In his amended pleading on page 3 the Petitioner writes, 'Had this information been presented to the defense, it would have impeached Detectives Law & Cassidy's testimony, "that it was cocaine," and "that it was sent to the dep't of Forensic Sciences for testing."' (sic) (Emphasis added). The Petitioner pleads that this is impeachment evidence. As such it falls outside the definition of newly discovered evidence. See Ala. R. Crim. P. 32.l(e)(3)('The facts do not merely amount to impeachment evidence').

"The facts offered by the Petitioner do not establish that he is actually innocent of the crimes for which he was convicted. Ala. R. Crim. P. 32.1(e)(5). All the Petitioner has established is that the drug evidence seized by deputies was not tested by the Alabama Department of Forensic Sciences. It is worth noting that his defense at trial was that the Petitioner did not possess the seized drug evidence.

"The Petitioner has failed to satisfy all five of the requirements of Ala. R. Crim. P. 32.1(e). Therefore, by definition, his facts are not newly discovered evidence. See Tarver v. State, 769 So. 2d 338, 340-41 (Ala. Crim. App. 2000). He has failed to satisfy his burden of pleading and therefore this claim is precluded because it could have been raised at trial or on appeal. See Mccartha v. State, 78 So. 3d 1014, 1018 (Ala. Crim. App. 2011). (The evidence presented by Mccartha failed to meet the five requirements of Rule 32.l(e); thus, he did not meet his burden of pleading as required by Rules 32.3 and 32.6(b).). Therefore, his claims are precluded pursuant to Ala. R. Crim. P. 32.2(a)(3) and (5) because they could have been but were not raised at trial or on appeal.). The Petitioner's newly discovered evidence claim is due to be dismissed pursuant to Ala. R. Crim. P. 32.7(d)."

(C. 96-97.)

This Court holds that the circuit court's findings are supported by the record and, thus, that the circuit court did not err in denying this claim. Accordingly, this issue does not entitle Brooks to any relief.

(Doc. 9-15, PageID.658–662).

"[F]ederal courts are barred from reviewing a habeas petitioner's claim "if a state court rejected it on a state procedural ground." *Sealey v. Warden, Georgia Diagnostic Prison*, 954 F.3d 1338, 1364 (11th Cir. 2020) (quoting *Henry v. Warden, Ga. Diagnostic Prison*, 750 F.3d 1226, 1230 (11th Cir. 2014)).

Such a state-court ruling precludes federal review of the underlying claim so long as it "rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). We can consider a defaulted claim, however, if a petitioner can show (1) "cause for the default" and (2) "actual prejudice resulting from the alleged constitutional violation." *Ward*, 592 F.3d at 1157 (citing *Wainwright*, 433 U.S. at 84–85, 97 S.Ct. 2497). A petitioner can establish "cause" by "identify[ing] 'some objective factor external to the defense' that impeded his ability to raise the claim in state court." *Henry*, 750 F.3d at 1230 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To establish "actual prejudice," "a petitioner must

> demonstrate that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Ward*, 592 F.3d at 1157 (quotation omitted).

*Sealey*, 954 F.3d at 1364–65. A state court's procedural ruling constitutes an independent and adequate state rule of decision when it: (1) clearly and expressly states that it "relied on state procedural rules to resolve the federal claim without reaching its merits;" (2) " 'rest[s] solidly on state law grounds' and is not 'intertwined with an interpretation of federal law;' " and (3) "the state procedural rule is adequate, i.e., not 'applied in an arbitrary or unprecedented fashion.' " *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1184–85 (11th Cir. 2021) (quoting *Judd*, 250 F.3d at 1313).

Brooks's *Brady* claim is procedurally barred because the ACCA's decision to reject the claim rests on independent and adequate state procedural grounds. The ACCA—citing the trial court's analysis—reasoned that Brooks failed to meet Alabama Rule of Criminal Procedure 32.1(e)'s requirements, meaning his discovery of a lack of drug testing records kept by the Alabama Department of Forensic Sciences is "not newly discovered evidence" and barred under Rule 32.2(a)(3) and (5). (Doc. 9-15, PageID.661–62). Brooks raises no argument that this state procedural ground is not "independent and adequate," and the undersigned's own review finds that the ACCA decision addressed Brooks's waiver under state law without addressing the merits of his claim. Further, Alabama courts regularly apply Rules 32.2(a)(3) and (5). *E.g.*, *Moody v. State*, 95 So. 3d 827, 838 (Ala. Crim. App. 2011). The Eleventh Circuit has "squarely held" that "claims barred under [Alabama] Rule 32.2(a)(3) and (a)(5) are procedurally defaulted from federal habeas review." *Boyd v. Comm'r, Alabama*

*Dep't of Corr.*, 697 F.3d 1320, 1335 (11th Cir. 2012) (citing *Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002)). Brooks also fails to explain why this default should be excused due to either cause and prejudice or actual innocence.[6] Accordingly, Brooks's *Brady* claim fails as procedurally defaulted.

### d. Claim Four: Insufficient Evidence to Sustain Conviction

Brooks amended his petition (Doc. 12) to include a claim that there is insufficient evidence to support his conviction. Because a pursuing officer did not observe Brooks in possession of the bag containing the offending drugs and another person emerged from the bathroom where the drugs were found, Brooks argues there was insufficient evidence showing that he actually or constructively possessed the drugs. (Doc. 12, PageID.714). However, this claim is time-barred under 28 U.S.C. § 2244(d)(1) and should be dismissed.

Brooks's habeas petition is subject to AEDPA, which imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[6] In his amended § 2254 petition, Brooks does claim that there was insufficient evidence to sustain his conviction. (Doc. 12). However, the amended petition (Doc. 12) and corresponding response to the Court's show cause order (Doc. 17) fall short of presenting—as necessary to overcome a procedural default via a showing of actual innocence—"reliable evidence . . . not presented at trial such that it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *See Rozzelle*, 672 F.3d at 1011 (citations and internal quotation marks omitted).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in Brooks's present petition supports running his one-year limitations period from any of the dates in §§ 2244(d)(1)(B)–(D). Thus, Brooks ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

Brooks challenges a criminal judgment handed down by the Circuit Court of Mobile County, Alabama. The state court records produced by Respondent show that, following the ACCA's affirmance of his criminal judgment and denial of his application for rehearing on direct review, Brooks petitioned the Supreme Court of Alabama for a writ of certiorari. The Supreme Court of Alabama denied the petition without opinion on September 16, 2016, with both the Supreme Court of Alabama and the ACCA issuing Certificates of Judgment that same date (*see* Doc. 9-9, Doc. 9-10). There is no indication in the record that Brooks petitioned the United States

Supreme Court for a writ of certiorari. Thus, Brooks's AEDPA clock began running Friday, December 16, 2016, the day after the 90-day period for filing a certiorari petition expired. *See, e.g., McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (noting that for purposes of 28 U.S.C. § 2244(d)(1)(A), a "state prisoner's conviction becomes final when the United States Supreme Court denies certiorari, issues a decision on the merits, or when the ninety day period in which to file for certiorari expires, regardless of whether the defendant raised any federal issues on direct appeal.").

"The limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2)). The record indicates that Brooks filed *pro se* a petition for post-conviction relief under Alabama Rule of Criminal Procedure 32 with the Mobile County Circuit Court on September 4, 2017 (the date of Brooks's signature on the brief he attached in support) (*see* Doc. 9-11, PageID.511–524), thus tolling Brooks's AEDPA clock at 263 days, with 102 days left. *See McCloud*, 560 F.3d at 1227 ("[A] Rule 32 petition is a tolling motion under § 2244(d)(2) . . . ."). On appeal of the circuit court's summary dismissal of Brooks's Rule 32 petition, the ACCA affirmed (*see* Doc. 9-15), and the Supreme Court of Alabama denied certiorari review of that decision on January 4, 2019. (See Doc. 9-19). Thus, Brooks's AEDPA clock began running again on January 5, 2019.[7]

---

[7] Unlike in direct appeals, the time for seeking certiorari review with the United States Supreme Court in state post-conviction proceedings does not toll the AEDPA clock. *See Lawrence v. Florida*, 549 U.S. 327, 331–36 (2007).

Brooks timely filed his initial § 2254 petition on January 12, 2019. (*See* Doc. 1, PageID.14). However, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations . . . ." *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). Therefore, Brooks's AEDPA clock expired after Wednesday, April 17, 2019. Brooks did not deliver his motion to amend (Doc. 12) to prison officials for mailing until May 20, 2019, over a month later.

Federal Rule of Civil Procedure 15(c), which has been made applicable to habeas proceedings, provides that pleading "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P 15(c)(2)). However, "[a] new claim only relates back to prior claims if they are 'tied to a common core of operative facts.'" *Oliveiri v. United States*, 717 F. App'x 966, 968 (11th Cir. 2018) (per curiam) (unpublished) (quoting *Mayle*, 545 U.S. at 664). "The untimely claim, that is, 'must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings.'" *Id.* (quoting *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)).

The claims Brooks timely raised in his initial petition are: (1) his trial counsel was ineffective for failing to object or move for a new trial on the basis of a purported break in the chain of custody of drug evidence when it was sent off for forensic testing; (2) the trial court lacked jurisdiction to sentence him under Alabama's Habitual Felony Offender Act because he did not have counsel at the arraignment for one of

his predicate offenses; and (3) the prosecution withheld *Brady* material from Brooks at trial. His new claim contends that there is insufficient evidence to support his conviction because the prosecution did not prove that he constructively possessed illicit drugs. (Doc. 12). This claim cannot be said to be "tied to a common core of operative facts" with any of the claims raised in his initial petition. Accordingly, the claim raised in the motion to amend (Doc. 12) is untimely.

Equitable exceptions may excuse an untimely habeas claim. First,

the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).

The Supreme Court []affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted).

Second,

[i]n *McQuiggin* [*v. Perkins*]*,* the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup* [*v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," *id.* at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished).

When Brooks filed his motion to amend his § 2254 petition, nothing in the record suggested that either of these equitable exceptions excuses the untimeliness of Brooks's sufficiency-of-the-evidence claim. The Eleventh Circuit recently held that, under Rule 4 of the Rules Governing Section 2254 Cases, a court can sua sponte dismiss a § 2254 habeas petition as time-barred if the petitioner is given "notice of its decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam). The Court permitted Brooks to file a brief, along with any supporting materials he deems necessary, showing cause why the claim raised in his motion to amend (Doc. 12) should not be denied as

untimely.[8] (Doc. 16). Brooks filed a response setting out the substance of his new claim, but he failed to address the timeliness issue. (*See* Doc. 17).

Brooks failed to offer any argument or evidence that his untimely claim qualifies for an exception to AEDPA's time bar. (*See* Doc. 17). The undersigned's own review of the record finds that neither exception applies. Accordingly, Brooks's *Brady* claim is untimely under 28 U.S.C. § 2244(d)(1) and should be dismissed.

### e. Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling

---

[8] The Respondent also had a chance to file a response on the statute-of-limitations issue, but they declined to do so. Because Respondent declined to waive AEDPA's time bar, the Court can apply it sua sponte. *See Paez*, 947 F.3d at 655 (affirming a district court's sua sponte application of AEDPA's time bar where "the State . . . never indicated a desire to waive the limitations bar.").

standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. While "a COA does not require a showing that the appeal will succeed[,]" a prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337–38 (internal quotation marks omitted). Rather, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon consideration, the undersigned **RECOMMENDS** that Brooks be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right.[9]

---

[9] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to

### f. Appeal In Forma Pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding

> that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit.

*Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

---

this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011). Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Brooks in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal in forma pauperis.[10]

### IV.    *Conclusion*

Brooks failed to identify—and the undersigned's own review did not reveal—any unreasonable application of clearly established federal law or unreasonable determination of facts in the ACCA's decision. Accordingly, the undersigned **RECOMMENDS** that Brooks's § 2254 petition (Doc. 1) be **DISMISSED with prejudice**, without an evidentiary hearing; that the Court find Brooks is not entitled to a Certificate of Appealability or to proceed in forma pauperis on appeal; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to Brooks, who is now located at G.K Fountain Correctional Facility. *See supra* note 1.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written

---

[10] Should the Court deny leave to appeal in forma pauperis, Brooks may file a motion to proceed on appeal in forma pauperis with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this the 11th day of February 2022.

          */s/ Katherine P. Nelson*
          **KATHERINE P. NELSON**
          **UNITED STATES MAGISTRATE JUDGE**